Matter of Berotti (2021 NY Slip Op 07301)





Matter of Berotti


2021 NY Slip Op 07301


Decided on December 22, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2020-00427

[*1]In the Matter of William G. Berotti, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; William G. Berotti, respondent. (Attorney Registration No. 2251049)



DISCIPLINARY PROCEEDING instituted by the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee served and filed a notice of petition and a verified petition, both dated January 8, 2020, and the respondent served and filed a verified answer dated March 13, 2020. Subsequently, the Grievance Committee filed a stipulation of disputed and undisputed facts dated January 11, 2021. By decision and order on application of the petitioner, dated March 4, 2021, the issues raised were referred to David I. Ferber, Esq., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 22, 1989.



Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated January 8, 2020, containing one charge of professional misconduct. After a hearing on April 12, 2021, the Special Referee submitted a report dated June 2, 2021, in which he sustained the single charge. The Grievance Committee now moves to confirm the findings of the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent, although duly served with the Grievance Committee's motion, has not interposed a response or requested additional time in which to do so.
The single charge of professional misconduct alleges that the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by failing to timely re-register as an attorney with the Office of Court Administration, in accordance with Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, for registration periods 2015-2016 and 2017-2018. The respondent finally re-registered for those periods on July 23, 2019.
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, that the respondent's attorney registration was eventually brought current, the financial difficulties the respondent experienced during the relevant time period, as well as the respondent's [*2]sincere remorse for his misconduct. Notwithstanding the mitigation, we consider the respondent's extensive disciplinary history involving similar misconduct to be a substantial aggravating factor.
Under the totality of the circumstances, the respondent is publicly censured.
LASALLE, P.J., MASTRO, RIVERA, DILLON, and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent is publicly censured for his professional misconduct.
ENTER:
Maria T. Fasulo
Clerk of the Court